UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

DISCIPLINARY BOARD OF THE
NEW MEXICO SUPREME COURT,

        Complainant,

v.                                                   14-cv-00418 KG-RHS

PAUL LIVINGSTON, ESQ.,

        Respondent.

ORDER

THIS MATTER comes before the Court on the Complainant's Motion to Remand to the Supreme Court of New Mexico. (Doc. 3). Previously, Respondent filed a Notice of Removal, (Doc. 1), after Complainant filed Disciplinary Panel's Decision and Recommendation before the Disciplinary Board of the Supreme Court of the State of New Mexico. (Doc. 1-2). Complainant has moved this Court to remand the matter to the Supreme Court of New Mexico. For the following reasons, I hereby grant Complainant's motion and remand this matter to the Supreme Court of New Mexico.

*Background*

On August 26, 2013, the Office of Disciplinary Counsel filed a four-count Specification of Charges against Respondent with the Disciplinary Board of the New Mexico Supreme Court. The disciplinary action "arises out of Respondent's representation of numerous employees of the City of Albuquerque (City) in employment disciplinary proceedings." (Doc. 3-1, at 2). Specifically, the allegations include that Respondent filed federal lawsuits "in lieu of exhausting his client's administrative and state district court processes, which lawsuits include frivolous claims;" that he sued Albuquerque City Personnel Hearing Officer "despite her clear entitlement

to quasi-judicial immunity, of which Respondent is aware;" and that he "failed to file responses to dispositive motions." (Doc. 3, at 3).

A three-member Hearing Committee considered Respondent's Answer and held an evidentiary hearing on December 3 and 4, 2013. On February 5, 2014, the Hearing Committee issued its Findings of Fact and Conclusions of Law, (FF&CL) and Recommendation of Discipline, recommending Respondent be disbarred from the practice of law by the New Mexico Supreme Court. On April 17, 2014, a three-member Board Panel held oral argument on review of the FF&CL. On April 24, 2014, the Board Panel adopted the Hearing Committee's Recommendation of disbarment and referred the matter to the Supreme Court of New Mexico in accordance with NMRA § 17-315. On May 5, 2014, Respondent filed his Notice of Removal with this Court.

*Discussion*

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." 28 U.S.C. § 1441(a). This Court does not have original jurisdiction over this matter. I agree with Complainant that this matter "is subject to the exclusive disciplinary jurisdiction of the Supreme Court and the Disciplinary Board . . . ." NMRA § 17-201.[1]

Moreover, this matter is not a "civil" matter as contemplated under Section 1441(a) and, therefor, not subject to removal. "[A] disciplinary proceeding is neither criminal nor civil in nature." *Matter of Gorence*, 810 F.Supp. 1234, 1235 (D.N.M. 1992) (citing *Razatos v. Colorado Supreme Court*, 746 F.2d 1429, 1435 (10th Cir. 1984) (stating disciplinary action of attorney not

---

[1] Complainant acknowledges this Court's jurisdiction to conduct its own disciplinary proceedings, but correctly distinguishes the instant matter pending before the New Mexico Supreme Court.

civil proceeding)). State bar disciplinary proceedings are neither criminal nor civil but instead are *sui generis*. *Id.* at 1236 (citing *In re Daley*, 549 F.2d 469, 475 (7th Cir.), *cert. denied*, 434 U.S. 829 (1977).

I find no merit in Respondent's argument that removal is appropriate because "there were nothing but 'federal questions' in the Board's findings and conclusions," (Doc. 8, at 6), and his equating the cases he has litigated in federal court as somehow giving rise to federal subject matter jurisdiction.[2]

Additionally, I find that, to the extent Respondent presents a legitimate federal question, removal of this matter nevertheless is untimely. The Specification of Charges was served on Respondent on April 28, 2013, and he filed his Answer on September 23, 2013. As mentioned, Respondent did not file his Notice of Removal until May 5, 2014, long after the thirty-day period had passed. *See* 28 U.S.C. § 1446(b) (requiring notice of removal of civil action or proceeding shall be filed within 30 days after receipt by defendant).

I am further persuaded that, aside from the foregoing reasoning, this Court should abstain from exercising jurisdiction in this state administrative matter which is, more specifically, an attorney disciplinary matter. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432-37 (1982) (citing *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)). I find there is an ongoing administrative proceeding; the State of New Mexico is maintaining an important state interest in regulating the professional conduct of licensed attorneys; and Respondent has had adequate opportunity to present federal question claims in the state proceeding. *Id.* at 432.

---

[2] Respondent mistakenly asserts this Court has original jurisdiction of this matter "because the complaints of the City attorneys and the Disciplinary Board against Respondent concern and are based on Respondent's representation of client's in four cases currently pending in the U.S. District Court against the City and City Defendants." (Doc. 1, at 2).

Accordingly, Plaintiffs' Motion to Remand (Doc. 3) is GRANTED.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE